# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:21-cv-386 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| CHRISTOPHER JOHNSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING MOTION TO REMAND

This civil case is before the Court on Plaintiff Total Quality Logistics, LLC's motion to remand (Doc. 5) and the parties' responsive memoranda (Docs. 6, 7).

## I. BACKGROUND

The following facts are taken from allegations in the Amended Complaint (Doc. 4) and the Notice of Removal (Doc. 1). TQL is a third-party logistics company, operating in the freight brokerage industry. (Doc. 4 at ¶ 10). Defendant Christopher Johnson, a North Carolina resident, is a former employee of TQL. (*Id*. at ¶ 1). Johnson worked for TQL from September 2015 to July 2020, rising to the level of Senior Logistics Account Executive. (*Id*. at ¶ 18).

Johnson signed an Employee Non-Compete, Confidentiality and Non-Solicitation Agreement (the "Agreement") with TQL. (*Id*. at ¶ 1; *see also* Doc. 4-1). The Agreement prohibits, among other acts, misappropriation of trade secret and confidential information. (Doc. 4-1). The Agreement's non-solicitation period is twelve months. (*Id*. at § 9(b)(v)). It also provides that TQL may seek an injunction restraining the employee

from violating the agreement, and, if TQL is successful, Johnson "shall be liable for costs, expenses, and reasonable attorneys' fees incurred by TQL." (*Id*. at § 9(c)).

On June 23, 2020, Johnson formed Defendant Patriots Logistics Services, LLC ("Patriots") (collectively, "Defendants"), a North Carolina limited liability company.[1] (Doc. at ¶ 23). Johnson obtained federal brokerage authority for Patriots on July 22, 2020. (*Id*.) Johnson resigned from TQL on July 23, 2020. (*Id*.). TQL contends that Patriots is a competitor. (*Id*. at ¶ 13).

On June 4, 2021, TQL filed a verified complaint for injunctive relief and damages in the Clermont County, Ohio Court of Common Pleas. (Doc. 1-1). TQL also filed a motion for temporary restraining order and preliminary injunction, seeking to enforce the Agreement. (Doc. 1-2). On June 8, 2021, Defendants filed a notice of removal with this Court, asserting diversity jurisdiction. (Doc. 1).

Pursuant to Local Rule 65.1, the Court held an informal conference with the parties, during which conference TQL indicated its intent to move to remand the action to state court. (6/14/2021 Minute Entry and Notation Order). The Court set an expedited briefing schedule on the motion to remand. (*Id*.)

TQL then filed a Verified Amended Complaint. (Doc. 4). In the Amended Complaint, TQL verifies the following:

> This suit seeks injunctive relief to prevent continued irreparable harm to TQL and damages of more than $25,000 up to a maximum cumulative total of $75,000 from the Defendants on the claims of breach of contract and

---

[1] Johnson, a North Carolina resident, is the sole member. (Doc. 1 at ¶ 4). Thus, Patriots' citizenship is North Carolina.

> misappropriation of trade secrets. To be clear, TQL stipulates that it will not accept damages in a total amount over $75,000.

(*Id*. at ¶ 9). In TQL's request for relief, TQL further verifies that it requests:

> A. Award TQL a temporary, preliminary, and permanent injunction against Defendants, as set forth above; find that the running of the 1-year restrictive covenants in Johnson's Agreement have been tolled; order Defendants to pay TQL compensatory damages, attorney fees, and punitive damages; and award TQL such other and further relief as this Court finds just and proper, altogether in a sum to be determined at trial in excess of $25,000 up to a maximum cumulative total of $75,000, as TQL stipulates that it does not seek and will not accept damages over $75,000 in total for all claims combined; and
>
> B. Award TQL pre-judgment interest and costs incurred in connection with this action.

(Doc 4 at Relief Requested).

Following the Amended Complaint, TQL moved to remand this action to state court, arguing that jurisdiction is lacking because the amount in controversy has not been met. (Doc. 5).

## II. STANDARD OF REVIEW

A party can remove an action from state court if the federal court to which the action is removed would otherwise have had original jurisdiction. 28 U.S.C. § 1441(a). Generally, where the citizenship of the parties is diverse and the amount in controversy exceeds $75,000, a federal court has jurisdiction to hear the case. 28 U.S.C. § 1332(a). The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal. *Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195, 210

(6th Cir. 2004). A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements and must do so by a preponderance of the evidence. *Rotschi v. State Farm Mut. Auto. Ins. Co.*, Case No. 96-5494, 114 F.3d 1188, 1997 WL 259352, at *2–3 (6th Cir. May 15, 1997).

When a defendant does not satisfy its burden of demonstrating that removal was proper, the district court may remand the case back to the state court from which it was removed. 28 U.S.C. § 1447(c). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (citation omitted).

### III. ANALYSIS

As a general rule, a plaintiff is the master of his or her own complaint; thus, a plaintiff wishing to avoid removal can sue in state court for less than the jurisdictional amount, thereby preventing removal even if the parties are diverse. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019). However, under Ohio civil rules, "the only statement that a plaintiff is generally allowed to make regarding alleged damages in a complaint is that the amount sought is more than $25,000," and any limitations capping damages in the complaint "are not enforceable under Ohio law." *Total Quality Logistics, LLC v. Summit Logistics Grp.*, LLC, No. 1:20-CV-519, 2020 WL 6075712, at *2 (S.D. Ohio Oct. 14, 2020) (citing Ohio Civ. R. 8(A); Civ. R. 54(c)). "As a result, a defendant facing suit in Ohio court is free to remove an action, even if the Ohio state court complaint purports to cap the amount in controversy below $75,000, so long

4

as the defendant can assert in good faith in its removal papers that the amount in controversy in fact exceeds the jurisdictional threshold." *Id*.

When a defendant removes an action based on a good faith belief that the amount in controversy exceeds the jurisdictional threshold, a plaintiff has options when seeking to remand back to state court: (1) respond to the removal by clearly stipulating in federal court that the plaintiff is not seeking, and will not accept, more than $75,000 in the action, binding the plaintiff on its potential recovery and depriving the federal court of subject matter jurisdiction; or (2) move to remand, disputing the allegations made in the defendant's removal papers.

Here, TQL filed suit in Ohio state court, alleging damages "in excess of $25,000." (Doc. 1-1). Defendants removed, purporting in good faith, the amount in controversy exceeded $75,000. (Doc. 1). TQL then decided to pursue both remand options. First, TQL filed a Verified Amended Complaint, seeking to stipulate that "cumulative damages" are more than $25,000 but less than $75,000. (Doc. 4). Then, TQL moved to remand, disputing Defendants' allegations related to the amount in controversy in Defendants' notice of removal. (Doc. 5). The Court considers each of TQL's options in support of remand.

### A.     Stipulation

TQL filed a Verified Amended Complaint, seeking to stipulate to a limitation of damages. In that Amended Complaint, TQL makes the following statements on damages: (1) "To be clear, TQL stipulates that it will not accept damages in a total amount over $75,000" "on the claims of breach of contract and misappropriation of trade

secrets;" and, (2) that TQL's relief sought is "altogether in a sum to be determined at trial in excess of $25,000 up to a maximum cumulative total of $75,000, as TQL stipulates that it does not seek and will not accept damages over $75,000 in total for all claims combined." (Doc 4 at ¶ 9, Relief Requested).

"[O]nly an **unequivocal** statement and stipulation limiting damages will serve this purpose [of requiring remand.] To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Heyman*, 781 F. App'x at 470 (emphasis added). However, a stipulation asserting that the plaintiff "will not seek or accept damages in excess of $75,000…has been found in [certain] cases sufficient to limit a plaintiff's monetary recovery." *Id*. (collecting cases).

If TQL were only seeking monetary damages, its statements in the Amended Complaint would likely be sufficient because TQL "stipulated that it does not seek and will not accept damages over $75,000." However, the problem with TQL's statements is that such statements only unequivocally stipulate to the amount of damages. The statements do not seek or accept to limit the value of TQL's requested injunctive relief. (Doc. 4 at Relief Requested). *See Total Quality Logistics v. Summit*, 2020 WL 6075712 at *4; *see also Jefferson v. Hyatt Corp. of Delaware*, No. 3:14-CV-00601-TBR, 2015 WL 1611834, at *1 (W.D. Ky. Apr. 10, 2015) (stipulation unequivocal when plaintiff stipulated: "will not seek or accept an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, **and the fair value of any injunctive**

**relief**) (emphasis added).[2] Thus, the Court finds that TQL's statements in the Amended Complaint <u>do not</u> **unequivocally** establish the amount of relief that TQL seeks and will accept is below the jurisdictional threshold.

This finding is furthered by the allegations in TQL's Amended Complaint. For example, under Count I (breach of contract), TQL splits its request for injunctive relief from its request for damages:

> Wherefore, TQL requests a temporary restraining order, preliminary injunction, and permanent injunction commanding Johnson to comply fully with the Agreement, as extended as the result of the agreed tolling provision triggered by Johnson's breach. For Johnson's willful actions, TQL **further requests** recovery of its attorneys' fees and compensatory damages in a sum in excess of $25,000, but TQL stipulates that it will not seek or accept damages in a total amount over $75,000.

(Doc. 4 at ¶ 46) (emphasis added). Count II (misappropriation of trade secrets) seeks:

> Wherefore, TQL requests a temporary restraining order, preliminary injunction, and permanent injunction prohibiting the further use and misappropriation of TQL's trade secrets. For the willful actions taken by Defendants, TQL **further requests** recovery of its attorneys' fees and compensatory damages in a sum in excess of $25,000, but TQL stipulates that it will not seek or accept damages in a total amount over $75,000.

---

[2] Interestingly, TQL has previously filed unequivocal stipulations in non-compete cases that clearly include the value of injunctive relief in the stipulation limiting damages and binding TQL. *See, e.g., Total Quality Logistics, LLC v. John*son, No. 1:19-CV-850, 2019 WL 5540682, at *1 (S.D. Ohio Oct. 28, 2019) (stipulation stated: "in an amount to be determined at trial in excess of $25,000.00, but less than $75,000.00, **inclusive of** any award of punitive damages, attorney's fees, and **injunctive relief**") (emphasis added); *Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, No. 1:19-CV-182, 2019 WL 6723837, at *2 (S.D. Ohio Dec. 11, 2019) (same); *Total Quality Logistics, LLC v. Navajo Express, Inc.*, No. 1:18-CV-230, 2018 WL 2001434, at *2 (S.D. Ohio Apr. 30, 2018) (same). Simply put, TQL did not make such an unequivocal stipulation here.

(*Id.* at ¶ 55) (emphasis added). Finally, Count III (tortious interference with contract) requests the following:

> Wherefore, TQL requests a temporary restraining order, preliminary injunction, and permanent injunction prohibiting the further tortious interference. For the willful actions taken by Patriot Logistics, TQL **further requests** recovery of its attorneys' fees and compensatory damages in a sum in excess of $25,000, but TQL stipulates that it will not seek or accept damages in a total amount over $75,000.

(*Id.* at ¶ 64) (emphasis added).

The plaintiff is the master of the complaint. And, TQL's complaint is inconsistent. On one hand, TQL (although in uncertain terms) attempts to stipulate that the cumulative value of all claims is less than $75,000. TQL then furthers this argument in its motion to remand, arguing that this is inclusive of injunctive relief. However, on the other hand, TQL "further requests," on top of its request for injunctive relief, damages "in a sum in excess of $25,000, but TQL stipulates that it will not seek or accept damages in a total amount over $75,000," for each claim. These inconsistent statements cannot create an unequivocal stipulation limiting damages.[3]

### B. Preponderance of Evidence

The Court next turns to TQL's motion to remand, arguing that Defendants have failed to demonstrate that the amount-in-controversy requirement is met in order to establish subject matter jurisdiction. (Doc. 5).

---

[3] TQL also cannot, in the future, attempt to clarify its statement on damages to support a request to remand. "A plaintiff may stipulate to a claim less than the federal jurisdictional amount where a plaintiff provides specific information about the amount in controversy for the first time." *Heyman*, 781 F. App'x at 469 (emphasis in original); *see also Total Quality Logistics v. Summit*, 2020 WL 6075712 at *5 (same).

It is Defendants' burden of proof to establish "by a preponderance of the evidence that § 1332's amount-in-controversy was met," *i.e.*, that it is "more likely than not" that TQL would be entitled to more than $75,000 if TQL is successful in its claims. *Heyman*, 781 F. App'x at 470. "Such a preponderance-of-the-evidence test, however, does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Id.* at 471 (quotation omitted). Moreover, because jurisdiction is assessed at the time of removal, the Court must assess the allegations contained in Plaintiff's original complaint. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

In this case, TQL asserted three causes of action: breach of contract against Johnson for violating the Agreement, misappropriation of trade secrets against both Defendants, and tortious interference with contract against Patriots. (Doc. 1-1). For each of these claims for relief, TQL requested injunctive relief and "further request[ed] recovery of its attorneys' fees and compensatory damages in a sum in excess of $25,000." (*Id.* at ¶¶ 45, 54, 63).

Plaintiff also sought punitive damages with respect to the misappropriation of trade secrets claim, alleging that Defendants' misuse of TQL's trade secrets was willful and malicious. (*Id.* at ¶¶ 50, 54, Relief Requested). "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered…unless it is apparent to a legal certainty that such cannot be recovered." *Hayes*, 266 F.3d at 572 (quoting *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted)). Under Ohio law, punitive damages up to three times any

9

award of compensatory damages are available for the "willful and malicious" misappropriation of trade secrets. R.C. § 1333.63(B); *see Sunkin v. Hunter Eng'g Co.*, No. 5:15-cv-892, 2015 WL 4406101, at *4 (N.D. Ohio July 20, 2015).

The complaint also requested injunctive relief, enjoining Johnson from continuing to work for/operate Patriots for one year, soliciting TQL's customers, and misappropriating TQL's trade secrets. To establish the value of a non-compete agreement, courts "will usually look to the profits earned by the employer on business generated by the employee during the period immediately preceding his termination." *Transtar Indus., LLC v. Lester*, No. 1:19-cv-1230, 2019 WL 2410855, at *2 (N.D. Ohio June 7, 2019) (quoting *Absolute Mach. Tools, Inc. v. Clancy Mach. Tools, Inc.*, 410 F. Supp. 2d 665 (N.D. Ohio 2005)). Courts may also look to "the value of plaintiff's lost revenue, the value of the future effect of a defendant's reach upon all the plaintiff's other contracts with its sales agents, and the value of trade secrets and confidential information acquired by the defendants during their employment." *Absolute Mach. Tools, Inc.*, 410 F. Supp. 2d at 669 (quoting *Basicomputer Corp. v. Scott*, 791 F. Supp. 1280, 1286 (N.D. Ohio 1991)). In addition, "the costs of complying with an injunction…may establish the amount-in-controversy." *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (citation omitted).

Finally, TQL's original complaint sought attorney fees on all three counts. Generally, "attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, <u>unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees</u>." *Heyman*, 781 F. App'x at 473

(quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)) (emphasis added). The Agreement provides that if an employee is found to have violated the terms of the Agreement, the employee "shall be liable for costs, expenses, and reasonable attorneys' fees incurred by TQL." (Doc. 4-1 at § 9). Moreover, § 1333.64 of the Ohio Uniform Trade Secrets Act – relevant to TQL's second claim for misappropriation of trade secrets – permits courts to award attorney's fees to the prevailing party where willful and malicious misappropriation exists. Thus, TQL appears eligible for attorney's fees based on the Agreement and statute.

Defendants' notice of removal asserts that TQL "claims that it has incurred in excess of $25,000 in compensatory damages and claims punitive damages, including attorney fees. Plus, [TQL] seeks a temporary, preliminary and permanent injunction against Defendants for the full term of the one-year restrictive covenant and requests that the Court toll the running of the restrictive covenant." (Doc. 1 at 2). TQL, in response, contends that its Amended Complaint unequivocally clarifies that its cumulative damages for all claims are less than $75,000.

As already discussed, the Court finds that TQL's Amended Complaint does not unequivocally state an amount in controversy less than $75,000. And, construing the original complaint – which is the operative complaint for purposes of removal – TQL's requested relief exceeds the jurisdictional threshold. The original complaint seeks attorney's fees and damages in a sum in excess of $25,000 for <u>each claim</u>. If TQL were to prevail on each claim in a sum in excess of $25,000, the threshold is already met. Add on TQL's request for punitive damages – allowable up to three times the amount of

compensatory damages – leads to a total of more than $75,000. *See Sunkin*, 2015 WL 4406101, at *4. Finally, taking into account the value of potential injunctive relief, the Court finds damages more likely than not exceed the jurisdictional threshold.[4]

## C. Technical jurisdictional defect

As a limited liability company, TQL has "the citizenship of each partner or member" for purposes of diversity jurisdiction. *See Southwell v. Summit View Farragut, LLC*, 494 F. App'x 508 (6th Cir. 2012) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). Defendants' statement in the notice of removal that TQL "is an Ohio limited liability company" is insufficient to establish complete diversity, as it does not identify the citizenship of all entities composing of the limited liability company. (Doc. 1 at 2). Rather than remand based on this technical deficiency, Defendants are ordered to show cause as to why the case should not be remanded for lack of diversity. *See, e.g., Total Quality Logistics, LLC v. All. Shippers, Inc.*, No. 1:19-CV-1052, 2020 WL 3166672, at *5 (S.D. Ohio June 15, 2020).[5]

## III. CONCLUSION

Based upon the foregoing, TQL's motion to remand (Doc. 5) is **DENIED**. Defendants shall submit a supplemental jurisdictional statement concerning the citizenship of TQL within 14 days of this Order. The Court will reach out to the parties

---

[4] Because the jurisdictional threshold is more likely than not met based on the allegations in the complaint related to compensatory damages, punitive damages, and attorney fees, it is unnecessary to put a value on the injunctive relief.

[5] While Plaintiff did not raise this issue, the Court has an independent obligation to ensure subject-matter jurisdiction exists. *See United States v. $525,695.24*, 869 F.3d 429, 433 (6th Cir. 2017) (citing *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006)).

separately concerning TQL's motion for temporary restraining order and preliminary injunction.

**IT IS SO ORDERED.**

Date: 7/7/2021                                     *s/Timothy S. Black*
                                                   Timothy S. Black
                                                   United States District Judge